UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

JOHN CROSETTO, et al., )
)
Plaintiffs, )
) CASE NO. 88 C 433
v. )
)
STATE BAR OF WISCONSIN, )
)
Defendant. )

**DOCKETED**

DEC 21 1995

## ORDER

This matter comes before the court on the defendant's Motion for Summary Judgment. For the reasons that follow, defendant's motion is granted.

## Background

In 1988, plaintiffs brought this action pursuant to 42 U.S.C. § 1983 against the State Bar of Wisconsin, the Bar's executive director, Stephen Smay, and the Justices of the Wisconsin Supreme Court. They challenged the mandatory bar in Wisconsin and certain activities conducted by the bar. The complaint sought compensatory and punitive damages, as well as declaratory and injunctive relief. On November 16, 1990, the claims against the Justices of the Wisconsin Supreme Court were dismissed. Crosetto v. Hefernan, 771



F. Supp. 224 (W.D. Wis. 1990).

On October 22, 1992, this court granted the defendants' motion for summary judgment. The Seventh Circuit affirmed that order in all respects except one. Crosetto v. State Bar of Wisconsin, 12 F.3d 1396 (1993). The Court questioned whether the federal courts had jurisdiction over the State Bar under the Eleventh Amendment,[1] and thus did not reach the merits of the dismissal of the claims for past damages against the bar. Id. at 1402. The Court stated:

> We agree that a suit against a state bar association, as a general matter, may constitute a suit against the state for sovereign immunity purposes. Whether the Wisconsin State Bar, in particular, is vested with sufficient state characteristics to qualify for sovereign immunity is a factual question, however, that cannot be answered on the record before us. We therefore vacate that part of the district court's decision holding for the State Bar of Wisconsin, and remand this case for a determination of the State Bar's sovereign status.

Id.

The Court went on to say that if after an analysis of the facts, this court "finds that a suit against the Wisconsin State Bar is a suit against the State, then unless one of the recognized exceptions to a state's sovereign immunity applies here, [the district court] must dismiss all of Plaintiffs' claims against the Wisconsin State Bar for lack of subject matter jurisdiction." Id. at 1402-03.

---

[1] "[I]n the absence of consent a suit in which the state or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Papasan v. Allain, 478 U.S. 265, 276 (1986), citing, Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984). This bar exists whether the relief sought is legal or equitable. Id.

2

## Discussion

A summary judgment motion will be granted only if the pleadings and supporting documents indicate that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Fitzsimmons v. Best, 528 F.2d 692, 694 (7th Cir. 1976). The dispute of a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 248. However, the district court is not required to evaluate every conceivable inference that can be drawn from the evidence, but only those inferences that are reasonable. Parker v. Federal Nat'l Mortgage Ass'n, 741 F.2d 975, 980 (7th Cir. 1984).

This court has been directed by the Seventh Circuit to determine whether the State Bar is an agency of the state of Wisconsin. In Crosetto, the Court outlined the relevant factors to be considered in determining the Bar's sovereign status. 12 F.3d at 1402. First, the court should consider the extent of control exercised by the Wisconsin Supreme Court over the Bar. Id. If the Wisconsin Supreme Court had the ultimate authority to adopt and enforce the Bar's rules in question, then a suit against the Bar challenging those rules would not be that different than a suit directly against the Supreme Court. Id. Second, this court should consider whether the Bar has a role completely defined by the Wisconsin Supreme Court. Id. That is, "whether the Bar was acting as an agent of the Wisconsin Supreme Court when it promulgated the

3

rules in question." Id. And finally, this court should consider whether a judgment against the State Bar would ultimately be paid by the state's treasury. Id. However, if the first two factors indicate that the Bar is an agent of the state, then this factor is irrelevant because the state is immune to suit even where there is no impact to the state treasury. Id. (citing Zych v. Wrecked Vessel Believed to be the Lady Elgin, 960 F.2d 665, 669 (7th Cir. 1992); Green v. Mansour, 474 U.S. 64, 72 (1985)).

An analysis of the facts indicates that the Wisconsin Supreme Court has ultimate control over the Bar. The Bar was created by the Court in 1956 pursuant to its constitutional authority over the administration of justice. Wis. Const. Art. VII; SCR 10.02(1). See also, Lathrop v Donahue, 10 Wis. 2d 230, 243 (1960). The Court has provided for the organization and government of the association. SCR 10.01(2). The Court requires the Bar to include in membership dues the amount necessary to pay the costs of the Board of Attorneys of Professional Responsibility and the continuing legal education functions of the Board of Bar examiners. SCR 10.03(5)(a). The Court retains authority over any increase in bar dues. SCR 10.03(5). It limits the use of dues for ideological and political activities. SCR 10.03(5)(b). It requires the Board of Governors to procure an annual audit of the Bar's books. SCR 10.09(1). The Court sets the deadlines within which members must enroll and pay dues, and establishes the penalties for nonpayment of Bar dues. SCR 10.03(2), 10.03(6). The Court establishes the manner in which the Bar conducts its daily activities, establishes

4

its governing bodies and offices, and defines their powers, functions and duties. SCR 10.04-.08. The Court has the ultimate authority to review amendments to the Bar's bylaws. SCR 10.05(4)(a)(8). Also, the Wisconsin Supreme Court has the exclusive, inherent power to take remedial action against the Bar on sufficient showing that the activities or policies of the Bar are not in harmony with the objectives of integration or are otherwise contrary to the public interest. <u>In re Integration of the Bar</u>, 5 Wis. 2d 618, 92 N.W.2d 601 (1958). Furthermore, under Wis. Stat. § 70.11(1), property owned by the Wisconsin State Bar is exempt from real and personal property taxation as property owned by the state, and the Bar also does not pay Wisconsin income or sales tax.

The facts also indicate that the Bar "was acting as an agent of the Wisconsin Supreme Court when it promulgated the rules in question." The rule challenged here, SCR 10.03(5)(b), concerns the collection and use of mandatory dues. The Bar's authority to collect and use those dues are explicitly conferred and regulated by Supreme Court orders. The Supreme Court has the ultimate authority over SCR 10.03(5)(b), and has the sole authority to amend it. The Court has taken an active role in limiting the use of Bar dues for legislative, political or ideological activities.

Finally, because the first two factors compel the conclusion that the Bar is an agency of the state, this court need not consider whether a judgment against the Bar would impact the state

treasury.[2]

As the Court of Appeals noted in its opinion, other federal courts addressing this issue have found unanimously that state bars are entitled to sovereign immunity as agencies of the particular state. Crosetto, 12 F.3d at 1401-02 (citing Lewis v. Louisiana State Bar Ass'n, 792 F.2d 493 (5th Cir. 1986); Bishop v. State Bar of Texas, 791 F.2d 435 (5th Cir. 1986); Lupert v. California State Bar, 761 F.2d 1325 (9th Cir. 1986); Ginter v. State Bar of Nevada, 625 F.2d 829 (9th Cir. 1980); Doyle v. Oklahoma, 787 F. Supp. 189 (W.D.Okl. 1992)). See also Kaimowitz v. The Florida Bar, 996 F.2d 1151, 1155 (1993)("The Eleventh Amendment prohibits actions against state courts and state bars."). In addition, in a well reasoned

---

[2]In Crosetto, the Seventh Circuit stated:

> We hasten to note, however, that even when there is no risk to the state treasury, the state is immune when sued in its own name. See Zych v. Wrecked Vessel Believed to be the Lady Elgin, 960 F.2d 665, 669 (7th Cir. 1992)(rejecting the notion that an absence of financial impact on the state is a per se pass from the Eleventh Amendments purview); see also Green v. Mansour, 474 U.S. 64, 72 (1985). Thus even without any impact on the state's treasury, the district court must consider whether the Bar occupies the position of a public agency or official, necessarily forbidding any suit in federal court. See Lewis, 792 F.2d at 497 (discussing Bates, 433 U.S. at 361, 97 S.Ct. at 2696; Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 2311 (1989) (Sovereign immunity forbids a suit against an individual or entity who occupies the position of a state office--even if there is no impact on state funds--just as if the state had been named directly as a party to the suit).

Crosetto, 12 F.3d at 1402.

6

and persuasive opinion, Judge Shabaz of the Western District of Wisconsin recently held that the Wisconsin State Bar is immune from suit under the Eleventh Amendment. <u>Thiel v. State Bar of Wisconsin</u>, 95 C 0103-S.

The plaintiffs contend that even if the defendant is entitled to sovereign immunity, it has waived that defense. They assert that under Wisconsin law sovereign immunity is a matter of personal jurisdiction and thus can be waived by conduct, such as defending a case on the merits, without authorization from the state legislature. This argument is clearly misplaced. Whether or not sovereign immunity is a matter of personal jurisdiction in the state courts of Wisconsin is irrelevant. Under <u>Hans</u> and its progeny, sovereign immunity deprives federal courts of subject matter jurisdiction over a case. <u>Hans v. Louisiana</u>, 134 U.S. 1 (1890). As the Seventh Circuit stated in <u>Crosetto</u>, if this court finds that the Bar is an agent of the state, then "all plaintiffs' claims against the Wisconsin State Bar" must be dismissed "for lack of <u>subject matter jurisdiction</u>." 12 F.3d at 1402-03 (emphasis added).

Sovereign immunity can be waived only under limited circumstances. Congress may abrogate the States' sovereign immunity in certain cases, or states may consent to suit in federal court. <u>Port Auth. Trans-Hudson v. Feeney</u>, 495 U.S. 299, 304 (1990). State officials can waive a state's sovereign immunity, but only if they are specifically authorized to do so by the state's constitution, statutes, or decisions. <u>Estate of Porter v.</u>

7

State of Illinois, 36 F.3d 684, 690 (7th Cir. 1994)(citing Ford Motor Co. v. Department of Treasury of State of Indiana, 323 U.S. 459, 467 (1945). See also Silver v. Baggiano, 804 F.2d 1211, 1214 (11th Cir. 1986)("[R]emoval by state officials of a suit containing state law claims to federal court does not amount to waiver of Eleventh Amendment immunity unless those state officials are authorized to waive such immunity."). Thus, this court must look to the laws of Wisconsin to determine whether the State Bar had the authority to waive the State's sovereign immunity.

Under the Wisconsin Constitution, the legislature has the authority to direct by law the manner in which suits may be brought against the state. Wis. Const. Art. IV, § 27. This provision gives the state legislature sole authority to consent to suit. Cords v. Wisconsin, 214 N.W.2d 405, 409 (Wis. 1974); Forseth v. Sweet, 38 Wis. 2d 676, 689, 158 N.W.2d 370, 376 (1968)("[The legislature] has the absolute right to proscribe the boundaries of its sovereign immunity."); Townsend v. Wisconsin Desert Horse Ass'n, 167 N.W.2d 425, 429 (Wis. 1969)("It is for the legislature to declare pursuant to the mandate in sec. 27, Art. IV of the Wisconsin Constitution how and in what respect the state can be sued by a citizen."). The Wisconsin Supreme Court has interpreted Art. IV, § 27 as meaning that a state agency or officer may not waive the state's sovereign immunity without specific authorization. Lister v. Board of Regents, 240 N.W.2d 610, 618 (Wis. 1976). Furthermore, principles of estoppel will not be applied to deprive a state of its right to sovereign immunity.

Lister, 240 N.W.2d at 619.

There is no Wisconsin statute authorizing suits against the State Bar or giving the Bar authority to consent to suit in federal court. Although the Wisconsin Supreme Court has given the Bar the power to sue and be sued,[3] this does not give the Bar authority to consent to suit in federal court. In order to waive the Eleventh Amendment defense, a statute or constitutional provision must do so in explicit language, stating not "merely whether [the state] may be sued, but where it may be sued." Atascadero State Hospital v. Scanlon, 473 U.S. 234, 241 (1985)(citing Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 99 (1984)). "In order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in federal court." Id. at 241 (emphasis in original). Thus, even if Wisconsin SCR 10.02(1) allows suits against the Bar in state court, it does not authorize the Bar to waive the State's sovereign immunity in federal court. Because there has been no legislative authorization to waive sovereign immunity, defendant is entitled to assert that defense in this case.

Plaintiffs further argue that since defendant did not raise the sovereign immunity defense in previous proceedings, it cannot raise it now. This argument is without merit. Because it is in

---

[3]Wisconsin SCR 10.02(1) states in part: "The state bar may, for the purpose of carrying out the purposes for which it is organized, sue and be sued, enter into contracts, acquire, hold, encumber and dispose of real and personal property."

the nature of a jurisdictional bar, sovereign immunity can be raised at anytime, even after the state has defended a matter on the merits. Friendship Medical Center v. Yorke, 710 F.2d 1297, 1300 (7th Cir. 1983)("[B]ecause the agency could have raised the [sovereign immunity] defense on appeal, there is no merit to the appellant's contention that IDPA waived the defense by defending on the merits instead of resting exclusively on the [Eleventh] Amendment."); Edelman v. Jordan, 415 U.S. 651, 678 (1974)("[T]he Eleventh Amendment defense sufficiently partakes of the nature of a jurisdictional bar so that it need not be raised in the trial court.")

## Conclusion

For the reasons stated, defendant's Motion for Summary Judgment is granted and the cause is dismissed.

ENTER:

*[signature]*
STANLEY J. ROSZKOWSKI, JUDGE
UNITED STATES DISTRICT COURT

DATE: Dec. 15, 1995